SUMMARY ORDER

Petitioner Guo Zhi Lin, a native and citizen of the People’s Republic of China, seeks review of the April 29, 2008 order of the BIA denying his motion to reopen. In re Guo Zhi Lin, No. A73 535 206 (B.I.A. Apr. 29, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.Sd 232, 233 (2d Cir. 2005) (per curiam). We find that the BIA did not abuse its discretion in denying Lin’s motion to reopen as untimely. As the BIA noted, its prior decision was issued in May 2002, but Lin did not file his motion to reopen until March 2008, well beyond the 90-day deadline. See 8 C.F.R. § 1003.2(c)(2). Although there is no time limit for filing a motion to reopen if it is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered,” 8 C.F.R. § 1003.2(e)(3)(ii), Lin did not assert before the BIA that conditions had changed in China or submit any such evidence in support of his motion. Moreover, Lin’s personal circumstances do not excuse the time limitation for filing his motion to reopen. See Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005); see also Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006). Thus, because the agency did not err in finding that Lin failed to demonstrate changed country conditions in China, it did not abuse its discretion in denying his motion to reopen as untimely.
Finally, we lack jurisdiction to review the BIA’s decision insofar as it declined to exercise its sua sponte authority to reopen Lin’s proceedings to allow him to apply for adjustment of status. See Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DIS *71 MISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).